IN THE UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF MINNESOTA- ST. PAUL


TRAVIS RAYMOND, pro-se
     Defendant/Petitioner


vs.                                    Case No. 0:14-CR-00026-MJD

                                       RECEIVED
                                       BY MAIL

                                       JUN 1 7 2016

UNITED STATES OF AMERICA,
     Plaintiff/Respondent
_____/             CLERK, US DISTRICT COURT
                                       MINNEAPOLIS, MN


MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, OR
SET ASIDE AND CORRECT ILLEGAL SENTENCE UNDER 28 USC§ 2255(f)(3)


COMES NOW, the Petitioner, Travis Raymond, herein pro-se and hereby pursuant to Title 28 USC§ 2255(f)(3), respectfully moves this Honorable Court to vacate, set aside or correct sentence, in compliance with 28 USC§ 2255(f)(3). Further, asking of this Court to gran this petition because the Petitioner asserts that he is entitle to requested relief and insupport states the following:

I. JURISDICTION

The Petitioner asserts that this Honorable Court has jurisdiction pursuant to Supreme Court decision on, Johnson vs. United States, 135 S.Ct 2551,(2015), the decision that forms the basis of the §2255 motion. Johnson, established a new interpretation of substantive law that is retroactively applicable to this case.

The Supreme Court decide, Welch vs. United States, No. 15-6418, 2016 U.S.Dist. Lexis 2451,(Apr. 18 2016), determined that Johnson was a substantive decision retroactively applicable to cases on collateral review. See 2016

SCANNED
JUN 1 7 2016

U.S. Lexis 2451 at*16. In Dodd vs. United States, 545 U.S. 353,(2005), a first §2255 case, the Court held (5-4) that the one-year statute of limitation under (f)(3) runs from the date the Supreme Court "initially recognized" the right asserted, not the date the right was "made retroactively applicable to cases on direct review." 545 U.S.at 357. A movant "may take advantage of the first clause of" (f)(3) "only if the conditions in the second clause are met" at that time. id.at 358-59.

While Dodd was not about a second or successive motion the court observed that "because of the interplay between" 28 USC§ 2255(f)(3) and (h)(2), an applicant who filed second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred  except in the rare case in which a court announces a new rule of constitutional law and makes it retroactively within one year. Dodd. 545 U.S. at 359. The Court went on to recognized the potential for harsh result in some cases, but results in some cases, but believed it was for congress, not the court, to amend the statute if it believed that the interplay of (h)(2) and (f)(3) unduly restricted federal prisoner's ability to file second or successive motion. id. at 359-60.

A Supreme Court decision applies retroactively to cases on collateral review if it announce a new rule that is substantive. Schriro vs. Summerlin, 542 U.S. 348,351(2004). The Johnson, rule is new because it explicitly overruled the prior decision that declined to find clause unconstitutionally vague. Johnson, 135 S.Ct at 2563, (overruling James vs. United States, 550 U.S. 192,(2007), and Sykes vs. United States, 131 S.Ct. 2267,(2011). The Johnson rule is substantive because it "narrow[s] the scope of a criminal statute by interpreting its terms." Schriro, 542 U.S. at 351-52 (citation omitted), and it "alters the range of conduct or the class of person that

the law punishes" id. at 353. The government's nationwide legal position is that Johnson is retroactive at least with respect to ACCA. Brief for the United States, Welch vs. United States, No.15-6418, ____ S.Ct. ____ 2016 WL 537542, 17-42,(Feb. 9, 2016). If Johnson is retroactive for ACCA purposes.

Wherefore, the Petitioner asserts that this Honorable Court must exercise its jurisdiction and grant him the requested relief of re-sentence him in compliance with 2255(a) and (f)(3) where here his current sentence of 180 months that was in fact bases on (ACCA) is now improper and illegal. Whereas, he now presented his timely claim that is based on intervening Supreme Court decision in both Johnson 135 S.Ct. 2251,(2015) and Welch, No.15-6418,(2016), now establishes that he was improper sentence under 18 USC§ 924(e) as ACCA thus, entitling him to be resentenced.

### ARGUMENT

> Petitioner's asserts that He is in fact actually innocent of the enhance sentence of 180 months imposed upon him pursuant to 18 USC§ 924(e)(2)(B)(i), (ACCA) due to non-qualifying prior conviction based on U.S. Supreme Court decision in Johnson vs. U.S., 135 S.Ct. 2551,(2015), now exceeds his statutory maximum of 120 months sentence that would have been impose thus, give rise to an miscarriage of justice in violation of the 5th Amendment of the United States Constitution.

### A. The Johnson Decision.

On June 26, 2015, the Supreme Court issued the decision in Johnson vs. United States, 135 S.Ct. 2551(2015). The Court held that "imposing an increased sentence under the residual clause[1] of the [ACCA] violates the Constitution's

---

1   As this Court is well aware, the ACCA defines "violent felony" in much the same way as the Guidelines:

> any crime punishable by imprisonment for a term exceeding one year ... that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion,

guarantee of due process." 135 S.Ct. 2563. Because of this hoding, Mr.

Raymond's, 1). 3rd degree burglary, 2.) Fleeing police in a motor vehicle,

3). Aggravate Robbery and Simple Robbery, no longer apply for enhancement

purposes thus, now call into question instant sentence hereof.

   In Johnson, the Supreme Court held that the language of ACCA's residual

clause was so vague as to deny fair notice of what conduct is prohibited and

invite arbitrary enforcement in violation of due process. Johnson, 135 S.Ct.

at 2557-59.

   In its recent Johnson opinion, the Supreme Court expounded upon the great

difficulties with application of the ACCA's nebulous residual clauses

definition of "violent felony." The court noted the experience of the federal

courts, stating there could be no doubt about the unavoidable uncertainty

and arbitrariness of adjudication under the residual clause. Johnson, 135

S.Ct. at 2562. The Court also noted its own repeated attempts and failures

to craft a principle and objective standard out of the resdual clause, which

in the majority's view, confirmed it hopeless indeterminancy. id. at 2558.

The Court stated: [T]he provision remains a judicial morass that defines

systemic solution, a black hole of confusing and uncertainty that frustrates

any effort to impart some sense of order and direction." id. (qouting United

States vs. Vann, 660 F.3d 771, 787,(4th Cir. 2011)(Agee J. concurring)). That

is why the Court determined that the ACCA's residual clause was

unconstitutionally vague, eschewing the tents of stare decisis and overturning

its own ACCA residual clause precedent. id.at 2563.

---

          involves use of explosives, or otherwise involves conduct
          that present a serious potential risk of physical injury
          to another[.]

18 USC§ 924(e)(2)(B)(i),(ii). Over time, §924(e)(2)(B)(i) has come to be known
as the "use of physical force" clause, while the portion of §924(e)(2)(B)(ii)
following the enumerated offenses has come to be known as the "residual clause."
See United States vs. Mitchell, 743 F.3d 1054-58,(6th Cir. 2014).

Notably, the Solicitor General's brief to the Supreme Court in Johnson expressly acknowledged that §16(b) "is equally susceptible to petitioner's central objection to the residual clause," that it is unconstitutionally vague, because, "like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense.."

The holding of Johnson is plainly substantive and the Supreme Court recently held that the Johnson cases is retroactive to case on collateral review. see Welch vs. United States 136 S.Ct 1257,(2016); also Woods vs. United States, 805 F.3d 1152,(8th Cir. 2015)(holding based on government concession that Johnson is retroactive cases on collateral review and therefore a successive 2255 motion is permitted); Pakala vs. United States 804 F.3d 139,(1st Cir.2015)(same): Price vs. United States, 795 F.3d 731,(7th Cir. 2015)(holding that Johnson is retroactive to case on collateral review and therefore a motion §2255(f)(3) motion is permitted). Now, entitles the instant Petitioner to requested relief of being resentenced to an 120 months.

**B. Petitioner does not qualify for Armed Career Offender enhancement of 924(e).**

In the instant case, the Petitioner asserts that at all stages he challenged the defects in the enhanced sentence as well as repeatedly objected timely on appeal. That the prior conviction did not qualify as violent prior felonies for purpose enhancement under 924(e) (ACCA). The Eighth Circuit of Appeals in its decision to denied stated that "moreover, a challenge to the district court's conclusion regarding Raymonds previous convictions would fails we previously have determined that convictions under the minnesota statute that Raymond violated are violent felonies under §924(e) see U.S. vs. Pate 754 F.3d 550, 555-56,(8th Cir. 2014)(Fleeing police in a motor vehicle) see also United States vs. Constantine, 674 F.3d 985, 990,(8th Cir. 2012)(Third degree burglary); United States vs. Rickel, 545 F.App'x 567, 572-

73,(8th Cir. 2013)(Aggravated battery); United States vs. Johnson, 526 F.App'x 708,711,(8th Cir. July 31, 2013)(Simple Robbery) cert. granted on other grounds, 134 S.Ct. 1871 188 L.Ed 2nd 910(2014). Raymond thus, is an Armed Career Criminal and application of the 15 years statutory minimum sentence was correct." see United States of America vs. Travis Raymond, 778 F.3d 716; 2015 U.S.App.Lexis 2490,(8th Cir. 2/19/15). Now, calls for this court to re-sentence Petitioner without an enhancement but a guideline sentence of 120 months maximum.

Whereas, the Petitioner asserts that as stated above and herein where here base on Johnson having struck down the residual clause, an ACCA sentence and reliance on its mention case being pre-Johnson can no-longer can be relied upon to up hold current sentence of 15 years thus, now entitling Petitioner to be re-sentence immediately as current is in fact illegal. That the instant sentence of 15 years or 180 months is now illegal on the Supreme Court decision in Johnson vs. United States, 576 U.S. ___ , 133 S.Ct. 2551,(2015), find that the residual clause for 924(e) was in fact unconstitutional due to its uncertainty.

## C. This motion is timely.

This motion is timely pursuant to 28 USC§ 2255(f)(3), which provides for a one-year limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme COurt decided Johnson on June 26, 2015, and this motion is filed within year of the date.

This 28 USC§ 2255(f)(3) being first initially habeas corpus thus, entitles him said reliance and filing to obtain now requested relief.

**D. The rule announce in Johnson is retroactive to cases on collateral review.**

A Supreme Court decision applies retroactively to cases on collateral review if it announce a new rule that is substantive. Schriro vs. Summerlin, 542 U.S. 348,351,(2004). The Johnson rule new because it explicitly overruled the prior decision that declined to find the clause unconstitutionally vague. Johnson, 135 S.Ct. at 2563,(overruling James vs. United States, 550 U.S. 192,(2007), and Sykes vs. United States, 131 S.Ct. 2267,(2011). The Johnson rule is substantive because it "narrow[s] the scope of a criminal statute by interpreting its terms." Schriro, 542 U.S. at 351-52, (citation omitted), and its "alters the range of conduct or the class of person that the law punishes," id.at 353. The government's nationwide legal position is that Johnson is retroactive at least with respect to ACCA. Brief for the United States, Welch vs. United States, No.15-6418,     S.Ct.     2016 WL 537542, 17-42,(Feb.9,2016).

The United States Supreme Court has granted certiorari to decide whether Johnson is retroactive to cases on collateral review. See Welch vs. United States, No.15-6418,     S.Ct.     2016. However, the Government agrees that Johnson announced a new substantive rule of constitutional law that is retroactive in ACCA cases.

Therefore, the Petitioner asserts that he is now entitle to requested relief herein and as stated above.

CONCLUSION

Whereas, the Petitioner asserts that due to Johnson is now entitle to be re-sentence within guidelines sentence of 120 months.

Respectfully Submitted

Travis Raymond

## CERTIFICATE OF SERVICE

I, Travis Raymond, hereby verify and affirm under the penalty of perjury, pursuant to Title 28 USC§ 1746, that Petitioner's Motion 28 USC§ 2255(f)(3), pursuant to Houston vs. Lack, 487 U.S. 266,(1988), is deemed to be filed at the time it was delivered to prison authority for forwarding to the court. I placed the above reference material in a sealed envelope with First Class Postage affixed, address to:

U.S. District Court,
District of Minnesota, Clerk's Office
U.S. Courthouse
300 South Fourth Street, Ste 202
Minneapolis, MN 55415

Benjamin Bejar
USAO
300 S 4th St Ste 600
Minneapolis, MN, 55415

and deposed the envelope in the proper prison authority's hands to be delivered for collection and mailed via U.S. Postal Service on this 2nd June 2016.

Respectfully Submitted

Travis Raymond
Reg.NO.   17778-041
FCC COLEMAN-USP-1
P.O.BOX 1033
Coleman, Fl. 33521