UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                    **MEMORANDUM OPINION
                                                                      AND ORDER**

Travis Ryan Raymond,                                  Crim. No. 14-26 (MJD)

    Defendant.
_____

    Benjamin Bejar, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.
_____

## I.  Introduction

This matter is before the Court on Defendant's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. Nos. 50, 54 and 56].

## II.  Background

On January 24, 2014, a two count Information was filed charging the Defendant with Felon in Possession of a Firearm-Armed Career Criminal and Possession With Intent to Distribute Methamphetamine.  On March 6, 2014, the Defendant pled guilty to both counts.

The United States Probation Office prepared a Presentence Investigation

Report ("PSR") advising that the Defendant was a Career Offender because he was at least 18 years old at the time he committed the instant offense, that one of the crimes of conviction is a crime of violence and because the Defendant has at least two prior felony convictions involving a crime of violence, namely a 2007 conviction for Third Degree Burglary, a 2008 conviction for Fleeing a Police Officer, a 2008 conviction for Terroristic Threats, a 2011 conviction for Simple Robbery and a 2012 conviction for Second Degree Aggravated Robbery. (PSR ¶ 31.) The PSR further provided that the Defendant was an Armed Career Criminal and therefore subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (PSR ¶ 32.) The Defendant's conviction on Count 1 subjected him to a statutory mandatory minimum sentence of fifteen years.

This Court adopted the guideline calculations set forth in the PSR, which determined the applicable range of imprisonment to be 188 to 235 months.

On June 30, 2014, the Defendant was sentenced to a term of imprisonment of 180 months on Counts 1 and 2, to be served concurrently. His conviction and sentence were affirmed on appeal. United States v. Raymond, 778 F.3d 716 (8th Cir. 2015). On June 17, 2016, the Defendant filed his petition under § 2255 to

2

vacate, set aside or correct his sentence.

## III. Habeas Petition

### A. Standard for Relief under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

**B.    Analysis**

There is no dispute that based on recent decisions by the Supreme Court and the Eighth Circuit, three of the Defendant's prior convictions no longer qualify as a "violent felony" as defined in the ACCA; specifically the convictions for Third Degree Burglary, Terroristic Threats and Fleeing a Police Officer. See Johnson v. United States, 135 S. Ct. 2551 (2015) (finding residual clause in the statutory definition of violent felony void for vagueness); United States v. MacArthur, 850 F.3d 925 (8th Cir. 2017) (finding Minnesota conviction for third degree burglary not a violent felony under the ACCA); United States v. McGee, 842 F.3d 572, 575 (8th Cir. 2016) (finding Minnesota conviction for terroristic threats not a violent felony under the ACCA); United States v. Oehler, 2016 WL 6561553 (8th Cir. Nov. 3, 2016) (finding violation of Minn. Stat. § 609.487, subdiv. 3, fleeing police, is no longer a predicate offense under the ACCA). As a result, the Defendant does not qualify as an Armed Career Criminal under the ACCA and he is not subject to the statutory mandatory minimum sentence of fifteen years.

However, the Defendant has two prior convictions that fall within the definition of "crime of violence" under § 4B1.2 (a) of the Sentencing Guidelines. The Defendant did not challenge his career offender designation in this petition, nor did he raise such a challenge on appeal. By failing to establish both cause for the procedural default and actual prejudice resulting from the error, any claim concerning the career offender designation is procedurally defaulted.

Even if the claim was not procedurally defaulted, the claim is nonetheless without merit as the Defendant cannot demonstrate that the sentence imposed on Count 2 was unlawful.

First, the Court notes that unlike the ACCA, the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause, therefore the residual clause in § 4B1.2(a)(2) is not void for vagueness. Beckles v. United States, 137 S. Ct. 886 (2017). Regardless, the Defendant's convictions for Simple Robbery and Second Degree Aggravated Robbery are crimes of violence not by reference to the residual clause, but because both crimes have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. Section 4B1.2 (a)(1).

5

Under Minnesota law, one is guilty of simple robbery if he/she

> having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and **uses or threatens the imminent use of force** against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both.

Minn. Stat. § 609.24 (emphasis added).

Similarly, one is guilty of Second Degree Robbery if one "while committing a robbery, implies, by word or act, possession of a dangerous weapon". Minn. Stat. § 609.245, subdiv. 2.

Under current, binding Eighth Circuit precedent, Minnesota Simple Robbery and Second Degree Aggravated Robbery are crimes of violence. See, e.g., United States v. Rembert, 851 F.3d 836, 840 n.2 (8th Cir. 2017) (holding Minnesota simple robbery is a crime of violence under the Guidelines); United States v. Rucker, 545 F. App'x 567, 572-73 (8th Cir. 2013) (per curiam) (finding that aggravated robbery is a violent felony under the ACCA); United States v. Taylor, No. CR 15-91 (JNE/LIB) (1), 2017 WL 506253, at *5 (D. Minn. Feb. 7, 2017) (extensively analyzing Minnesota cases and finding that simple robbery is a violent felony for purposes of the ACCA). Thus, the Court holds that Minnesota

6

Simple Robbery and Second Degree Aggravated Robbery qualify as a crimes of violence under the Guidelines.

As a result, with respect to the Defendant's conviction on Count 2, Possession with Intent to Distribute Methamphetamine, the Defendant qualifies as a Career Offender which subjects him to the sentencing enhancement set forth in § 4B1.1. Because the statutory maximum sentence for Count 2 is 20 years, the base offense level is 32. § 4B1.1(b)(3). Reducing the offense level by three for acceptance of responsibility, the total offense level is 29. The resulting guideline range, based on a criminal history category of VI, is 151 to 188 months. Because the Defendant was sentenced on Count 2 within this guideline range and below the statutory maximum sentence, there will be no miscarriage of justice if relief is not granted.

IT IS HEREBY ORDERED that the Defendant's Motion for Relief under 28 U.S.C. § 2255 [Doc. Nos. 50, 54 and 56] are **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   June 8, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court