UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States Of America, | ) | Criminal Case No. 14-26 (MJD) |
| | ) | |
| v.          Plaintiff, | ) | |
| | ) | **Rule 60(b)(6) Motion For Relief From** |
| Travis Ryan Raymond, | ) | **Habeas Order** |
| | ) | |
| Defendant. | ) | |

In its Order denying Travis Raymond's § 2255 motion to vacate his sentence, this Court expressly acknowledged Mr. Raymond "does not qualify as an Armed Career Criminal under the ACCA and he is not subject to the statutory mandatory minimum sentence of fifteen years." (Docket Entry (DE) 60 at 4.) This means that his 15-year sentence on that count[1] is illegal because it exceeds the statutory maximum; without the ACCA-enhancement, a conviction for being a felon who possess a gun under 18 U.S.C. § 922(g)(1) is capped at 10 years. 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1). And yet the Court did not grant his § 2255 motion and fix the unlawful judgment. It instead denied it on the grounds that his sentence of 180 months on the drug count was proper.

Respectfully, the Court made three errors in denying Mr. Raymond's habeas motion. First, as noted above, it failed to vacate his judgment, even though his sentence on the firearm count is illegal. Because Mr. Raymond is not subject to the ACCA, the Court has no power to sentence him to 180 months on this charge, but that is exactly what the judgment does. Failing to correct this unlawful judgment is error. Second, the Court

---

[1] The Court's judgment explicitly imposes a sentence of 15 years on Count 1, the felon-in-possession count. DE 30 at 2.

1

failed to rule on whether it would grant Mr. Raymond a Certificate of Appealability (COA), a ruling required by the governing rules.[2] Third, and most fundamentally, it erred by not ordering a resentencing hearing at which Mr. Raymond would be present and it would consider what his sentence should be on both the drug and firearm counts, absent the ACCA enhancement. All of these errors can and should be corrected under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

---

[2] Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts clearly shows that these rules govern Mr. Raymond's § 2255 motion. Rule 1 provides thus:

> These rules govern a motion filed in a United States district court under 28 U.S.C. **§ 2255** by:
> **(a)** a person in custody under a judgment of that court who seeks a determination that:
>
> **(1)** the judgment violates the Constitution or laws of the United States;
>
> **(2)** the court lacked jurisdiction to enter the judgment;
>
> **(3)** the sentence exceeded the maximum allowed by law; or
>
> **(4)** the judgment or sentence is otherwise subject to collateral review . . . .

And Rule 11 of these rules provides that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." So the Court was required to rule on whether it would issue a COA allowing Mr. Raymond to appeal its adverse order. It failed to do, thereby violating the governing law.

Because the first two errors are easily discernable and no more needs to be said about them, Mr. Raymond discusses the third error after summarizing the relevant facts and procedural posture of this case.

## RELEVANT FACTS AND PROCEDURAL POSTURE

Mr. Raymond pled guilty to two counts: (1) being a felon who possessed a gun and (2) possessing with the intent to distribute methamphetamine. (DE 16.) Because of the ACCA enhancement, the gun count required a sentence of at least 180 months and allowed a sentence of up to life imprisonment. (PSR at F.1.) The drug count did not require any term of imprisonment and allowed a sentence of up to 20 years' imprisonment. (*Id.*) At sentencing, the Court adopted the PSR's guideline recommendations, finding that the guideline range was 188-235 months. (Sent. T. at 6-7.) Significantly, this guideline range was driven by the ACCA enhancement on the gun count, not by the finding that Mr. Raymond was a career offender on the drug count. (PSR at 4-5.)

In addition to driving the guideline range, the ACCA enhancement also drove the sentence of 180 months that the Court imposed. The Court, Mr. Raymond's counsel, and Mr. Raymond himself knew this. Mr. Raymond's counsel realized that the sentence could not be less than 180 months: when he moved for a downward variance, he stated "that should the Court grant our motion . . . at the very best he [i.e., Mr. Raymond] would be sentenced to the mandatory minimum of 15 years." (Sent. T. at 8; *accord id.* at 7, 9.) So he only asked for a sentence of 180 months. (*Id.* at 9.) Mr. Raymond likewise recognized

that the lowest sentence he could receive was 180 months and that is all he asked for during his allocution: "I guess all I'm asking for is 15 years considering my history and my—everything that's going on in my life and what's really going on with my mental health, my drugs and the nonviolence and just consider the 15 years, I guess." (*Id.* at 23.) And the Court knew that its hands were tied by the ACCA mandatory minimum, as the following three excerpts from the sentencing hearing demonstrate:

> *Excerpt 1:*
> The Court:  You know that there's a mandatory minimum sentence that I cannot go below?
>
> Raymond:  Right.
>
> The Court:  And so essentially we're talking about eight months here . . . .
>
> (*Id.* at 15)
>
>
> *Excerpt 2:*
> The Court:  And I understand what you're saying, but there's a mandatory minimum that was passed by Congress and signed by the President that I, as a judge, have to apply. There's no way around it. Even if I sentenced you to less than that [i.e., less than 180 months' imprisonment], the Court of Appeals would reverse me in less than 30 seconds.
>
> Raymond:  I know.
>
> (*Id.* at 23.)
>
>
> *Excerpt 3:*
> The Court:  The Court will sentence as follows: . . . it's based on federal law and that is the 15-year mandatory sentence that no judge can go under. The defendant is hereby sentenced to the care

4

>                and custody of the Bureau of Prisons for a term of 180
>                months.

(*Id.* at 28-29.)

In sum, because everyone knew that the Court could not sentence him to less than 180 months' imprisonment due to the ACCA, the Court did not consider whether a lower sentence on the drug count was appropriate, and neither Mr. Raymond nor his counsel even asked the Court to consider a lower sentence. The Court therefore sentenced Mr. Raymond to 180 months' imprisonment in June 2014 on both the gun and drug counts.

After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalided the ACCA's residual clause, thereby effecting a sea change in the law about what offenses could count as ACCA predicates, Mr. Raymond filed a timely 28 U.S.C. § 2255 motion, arguing that his ACCA-enhanced sentence of 180 months was invalid because "reliance on its mention [i.e., the ACCA] . . . can no longer . . . be relied upon to uphold [the] current sentence of 15 years." DE 51 at 6. The Court concluded that he was no longer ACCA and that his guideline range had decreased to 151-188 months. (DE 4, 7.) But because his sentence on the drug count (180 months) was within this revised guideline range and below the statutory maximum sentence of 20 years on the drug count, the Court concluded that denying his § 2255 motion would not result in a miscarriage of justice. (*Id.* at 7.) The Court therefore denied his § 2255 motion in its entirety.

Significantly, the Court's habeas order never considered whether a sentence less than 180 months on the drug count was appropriate. It never analyzed the facts

underlying Mr. Raymond's drug conviction or how the sentencing factors in 18 U.S.C. § 3553(a) applied to that conviction and justified a sentence of 180 months on that count. Put another way, it never considered whether a sentence of 180 months on that count was sufficient, but not greater than necessary to accomplish the purposes of sentencing. The analysis was mechanistic: his sentence was below the statutory maximum and within the revised guideline range, so "there will be no miscarriage of justice if relief is not granted." (*Id.*) And, as the facts recounted above demonstrate, at the original sentencing neither Mr. Raymond nor his defense attorney even asked for a sentence less than 180 months on the drug count and the Court never considered a sentence less than 180 months on this count because they all understood that Mr. Raymond would be sentenced to at least 180 months no matter what due to the ACCA. In sum, there has never been an individualized consideration of what sentence was appropriate on the drug count, either at the original sentencing or in the habeas proceeding. This is a problem.

## ARGUMENT

**A.    Rule 60(b)(6)**

Rule 60(b)(6) of the Federal Rules of Civil Procedure, provides thus: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for. . .  any other reason that justifies relief." "[R]elief under Rule 60(b)(6) remains an extraordinary remedy for exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013).

B.	**The Court erred by denying Mr. Raymond's § 2255 motion. Instead, it should order a resentencing hearing where Mr. Raymond can finally argue for a sentence less than 180 months and it can finally consider whether such a sentence is warranted**

The Court erred by denying Mr. Raymond's § 2255 motion and failing to order a resentencing hearing at which Mr. Raymond would be present and the Court would consider what his sentence should be on both the drug and firearm counts, absent the ACCA enhancement. The recent case of *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018), is instructive. Applying its well-reasoned principles shows why Mr. Raymond's § 2255 motion should be granted and why a resentencing hearing with Mr. Raymond present should be held.

Brown had pled guilty to being a felon who possessed a firearm and was sentenced to 15 years' imprisonment under the ACCA. *Brown*, 879 F.3d at 1233. After *Johnson*, Brown filed a successful § 2255 challenging his ACCA-enhanced sentence. *Id.* The district court vacated his sentence and imposed a sentence of 10 years—the statutory maximum for the crime absent the ACCA enhancement—without holding a resentencing hearing. *Id.* at 1233-34.

Brown appealed, arguing that the "court erred when it resentenced him without giving him a hearing," and that because it failed to do so, it "(1) didn't properly consider the factors it is required to consider under 18 U.S.C. § 3553(a); and (2) didn't consider his post-sentencing conduct." *Id.* at 1234 (footnote omitted). So the issue on appeal

turned on the district court's "choice of remedy," was it proper to correct his sentence without holding a hearing, or was a resentencing hearing required. *Id.* at 1234-36.

To answer this question, the Eleventh Circuit first turned to the statute, which "establishes a two-step process. First, the court must 'vacate and set the judgment aside.' [28 U.S.C. § 2255(b).] Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *Brown*, 879 F.3d at 1235 (citing 28 U.S.C. § 2255(b)). Based on the difference between the words *resentence* and *correct*, the court concluded that "§ 2255 envisions two different kinds of sentence modifications: a 'correction' being a more limited remedy . . . and a 'resentencing' being more open-ended and discretionary, something closer to beginning the sentencing process anew." *Id.* at 1236. So the question became which category Brown's case fell into. *Id.*

The court formulated two factors to use to answer this question—that is, the question "whether a defendant is entitled to a resentencing hearing when a change to his sentence is required as a result of a § 2255 motion." *Id.* at 1239. "First, did the errors requiring the grant of habeas relief undermine the sentence as a whole? Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?" *Id.* at 1239-40. When the answer to both questions is yes, then the district court must hold a hearing with the defendant present. *Id.* at 1239-40. The court extensively discussed each question and the analysis required in answering them. That analysis is critical to properly resolving the present case.

8

On the first question—did the habeas errors undermine the sentence as a whole?—the court reasoned that when a defendant was convicted on multiple counts, the sentence as a whole is undermined if the court has to vacate an "entire sentencing package" because then "the sentencing court must revisit every part of the sentencing package." *Id.* at 1238; *accord id.* at 1239. *Brown* then provided guidance on "what it means for an entire sentencing package to be vacated." *Id.* at 1238. A formalistic reading of § 2255 could lead to the conclusion that every time a sentence must be modified under § 2255, then a resentencing hearing is required because the statute in § 2255(b) requires that a court first "vacate and set the judgment aside" and then issue the appropriate remedy. *Id.* at 1238. But the Eleventh Circuit adopted a more searching inquiry, examining "whether the errors requiring the grant of habeas relief undermine the sentence as a whole.

A sentence can be undermined as a whole even when the sentence is still valid on one count. In a prior controlling case, *Johnson v. United States*, 619 F.2d 366 (5th Cir. 1980), the Fifth Circuit [3] concluded that two of Johnson's three concurrent sentences must be vacated, and that Johnson could be sentenced properly only on his one remaining count. *Brown*, 879 F.3d at 1238 (citing *Johnson*, 619 F.2d at 368).

> Even though both parties argued that the court could leave the one remaining count intact and vacate the two improper counts, the court remanded for a resentencing hearing. The court observed that the sentencing judge had an incorrect understanding about the applicable statutory maximum, so even if the one remaining count was within that range, perhaps, after realizing that the maximum sentence is only 25 years

---

[3] Fifth Circuit cases issued before October 1, 1981 are binding in the Eleventh Circuit. *Brown*, 879 F.3d at 1235 n.2.

> rather than 55 years, the District Court may conclude that a 20-year sentence is too long.

*Id.* (citing *Johnson*, 619 F.2d at 368, 368 n.6) (internal brackets and quotation marks omitted).

*Brown* approved of the result in *Johnson* because it fit with the principle that sentences on several counts are treated as a single sentencing package. "Especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence." *Id.* (internal quotation marks omitted).

Given this principle and the correct holding of *Johnson*, *Brown* determined that the sentence as a whole is undermined "[i]f there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's decisions on other counts." *Id.* When that is the case, "merely excising the mistaken sentence for one count won't put the defendant in the same position as if no error had been made." *Id.* Depending on the answer to the second *Brown* factor—will the sentencing court exercise significant discretion in modifying the defendant's sentence?—"a resentencing hearing with the defendant present may therefore be required." *Id.*

Before proceeding to *Brown*'s analysis of the second factor, let's apply the first factor to Mr. Raymond's case. Mr. Raymond's statutory maximum on the drug count is 20 years. At the time of his original sentencing, his statutory maximum on the firearm count was life because it was enhanced under the ACCA. But now that the ACCA enhancement is gone, his statutory maximum on that count is 10 years. So at the time of

10

the original sentencing, this Court, just like the *Johnson* court, had an erroneous understanding of the applicable statutory maximum. This Court thought that his maximum sentence was life imprisonment. Even though his sentence of 180 months on the drug count is still within that count's 20-year maximum, it is more than possible that a court could view that result as too harsh when it understands that the maximum overall is 20 years rather than life. That's the same conclusion the *Johnson* court reached when it observed that the district court may have chosen a different sentence on the still-valid count if it had realized that the statutory maximum was 25 years rather than 55 years, even though the sentence imposed on the still-valid count was within the statutory maximum. *Brown*, 879 F.3d at 1238-39 (citing *Johnson*, 619 F.2d at 368). The conclusion that this Court may have chosen a different sentence if the ACCA enhancement had not been applied on the firearm count at sentencing is even stronger than the conclusion that the district court in *Johnson* may have selected a different sentence because the sentence this Court chose originally—180 months—is a statutory mandatory minimum that no longer applies. The sentencing transcript shows that this Court did not consider a sentence less than that. That a lesser sentence was not considered is unsurprising: this Court at sentencing repeatedly expressed the truism that it could not sentence Mr. Raymond to less than 180 months—a truism everyone adopted so completely that Mr. Raymond and his counsel did not even ask for a sentence less than that.

   In sum, vacating the ACCA enhancement undermines the entire sentence. All Mr. Raymond needs to demonstrate is that there is chance that this Court could have

11

sentenced him to less than 180 months if the ACCA enhancement had been off the table at his original sentencing. But he can do more than that. The guideline range at the original sentencing was 188-235 months. It's worth emphasizing that this range was dictated by the ACCA enhancement. (PSR at 3-5.) The Court sentenced him to 180 months, 8 months below the guideline range. Had there been no ACCA enhancement, his guideline range would have been 151-188 months. (DE 60 at 7.) Given that his first sentence was below the guideline range, it is more than reasonable to conclude that absent the ACCA enhancement, his sentence would have been at or near the bottom of the correct guideline range (151-188), if not below it altogether. Especially when the sentencing transcript reveals that the Court never considered a lower sentence. And why should it have? It was arriving at a single sentencing package, and there was no way his overall sentence could be below 180 months. Any effort spent on parsing precisely what his sentence should have been on the drug count was just wasted energy. In this situation, the fact that his 15-year sentence on the firearm count can no longer stand and must be vacated undermines the entire sentence. The first *Brown* factor weighs in favor of holding a resentencing hearing at which Mr. Raymond can be present and can argue for a lower sentence on the drug count—an argument he never got the chance to make the first time around.

This brings us to the second *Brown* factor: will the sentencing court exercise significant discretion in modifying the defendant's sentence? *Brown*'s discussion of this factor is again instructive. At one end of the spectrum are cases where the sentencing court has no discretion in how it modifies the sentence—i.e., the "court [is] required to

reinstate the exact same sentence." *Brown*, 879 F.3d at 1239. In these cases, "a resentencing hearing may not be required." *Id.* At the other end of the spectrum are cases in which a modification makes a sentence harsher or in which "a court must exercise its discretion in modifying a sentence in ways it was not called upon to do at the initial sentencing." *Id.* These cases require a resentencing hearing. *Id.* One example *Brown* gave of this latter category fits Mr. Raymond's case precisely: namely, when "*the original sentencing court imposed a mandatory minimum sentence that no longer applies*." *Id.* (emphasis added). In these cases, a defendant's resentencing hearing may be the first opportunity he has to meaningfully challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." *Id.*

So the second *Brown* factor supports the conclusion that Mr. Raymond is entitled to a resentencing hearing at which he will be present. Mr. Raymond and his attorney did not even ask the Court to consider a sentence less than 180 months at the sentencing hearing because they knew he could never receive such a sentence. And the record is similarly clear that this Court never considered such a sentence. Now that the ACCA enhancement is gone, Mr. Raymond has the opportunity for the first time to request a sentence less than 180 months and to have this Court conduct an individualized sentencing inquiry to determine whether he merits such a sentence. The Court did not have the opportunity to do that at the original sentencing, and its order denying Mr. Raymond's § 2255 motion does not do it either. It merely concludes that because his sentence of 180 months is still within the statutory maximum on the drug count and

within his guideline range on that count, that there is no manifest injustice in denying his petition. But *Brown* shows why keeping his sentence at 180 months without holding a resentencing hearing at which he can participate is fundamentally wrong and does result in a miscarriage of justice. Removing the ACCA enhancement undermines his whole sentence and gives the Court the discretion to consider for the first time exactly what an appropriate sentence on the drug count is.

For the above reasons, this Court should vacate his illegal judgment and order a resentencing hearing at which it will consider the proper sentence on the drug count.

Dated:  February 23, 2018                    Respectfully submitted,

*s/James S. Becker*

JAMES S. BECKER
Assistant Federal Defender

107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Attorney for Mr. Smith