UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States Of America, | ) | Criminal Case No. 14-26 (MJD) |
| | ) | |
| v.             Plaintiff, | ) | |
| | ) | **Reply In Support Of Rule 60(b)(6)** |
| Travis Ryan Raymond, | ) | **Motion For Relief From Habeas Order** |
| | ) | |
| Defendant. | ) | |

  Travis Raymond never had the opportunity to even argue for a sentence less than 180 months because his now-defunct ACCA enhanced sentence on the firearm count carried a 180-month mandatory minimum. And the Court never had an opportunity to consider whether a sentence less than 180 months was sufficient but not greater than necessary for his crime because of the ACCA enhancement. The record proves this: neither Mr. Raymond nor his counsel even asked for a sentence less than 180 months, and the Court's comments at sentencing make clear that it never considered whether a sentence less than 180 months was appropriate because of the ACCA. (DE 67 at 3-6, 11; Sent. T. at 7-9, 15, 23, 28-29.) Now that the ACCA enhancement is gone, the Court should hold a resentencing hearing to both allow Mr. Raymond to argue for the first time for a sentence less than 180 months and to consider for the first time for itself whether a sentence less than 180 months is sufficient but not greater than necessary to accomplish the purposes of sentencing.

  The fundamental premise of the government's response—namely, that "[t]here is no basis in the record to support the Defendant's speculation that the Court imposed the 180-month sentence on the Defendant's drug conviction only because the Defendant was

1

going to be serving 180 months on the firearm conviction anyway" (DE 69 at 5)—is false, both factually and legally. Factually, it ignores the copious record evidence at his original sentencing that everyone knew his sentence could not be below 180 months and the Court did not even consider whether a lesser sentence was appropriate on the drug count. So it is not at all surprising that he was sentenced to 180 months on that count. Legally, it ignores United States Sentencing Guideline provisions requiring the Court to impose the same sentence on his ACCA count and drug count and to make those sentences concurrent, exactly as it did. The record evidence establishing that the Court did not even consider a sentence of less than 180 months because of the ACCA enhancement has already been extensively discussed in Mr. Raymond's opening motion. So we proceed directly to the legal problems with the government's fundamental premise.

In Mr. Raymond's case, the guidelines required the Court to impose the 180-month sentence on both the ACCA and drug count and to make the punishment on each count concurrent. First, the guidelines required that these two counts be grouped together under U.S.S.G. 3D1.2(c). That is precisely what the PSR recommended (PSR at 3), and the Court adopted this recommendation (Sent. T. at 6-7.) This has an important consequence: "counts that are grouped together are treated as constituting *a single offense* for purposes of the guidelines." U.S.S.G. Part D, introductory commentary (emphasis added). Mr. Raymond's guideline range was thus determined using the offense level for this single offense. U.S.S.G. § 1B1.1(a)(4), (7); U.S.S.G. § 3D1.1; U.S.S.G. § 3D1.2(c); U.S.S.G. § 3D1.3(a); U.S.S.G § 3D1.4, commentary, application note 1; U.S.S.G.

§ 3D1.5. After calculating the guideline range for this single offense, the Court then chose a total punishment (180 months) for this single offense, and U.S.S.G. § 5G1.2(b) and (c) require that the Court impose the total punishment on each count (ACCA and drug) and that the total punishment runs concurrently on each count:

> (b) For all counts not covered by subsection (a), the court *shall determine the total punishment and shall impose that total punishment on each such count* . . .
>
> (c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment [true in the present case, because the statutory maximum for the ACCA count—life—is well above 180 months], then the sentences on all counts shall run concurrently . . . .

U.S.S.G. § 5G1.2(b) (emphasis added); U.S.S.G. § 5G1.2(c); *accord* U.S.S.G. § 5G1.2, commentary, application notes 1 and 3(a).[1] In sum, the guidelines mandate that the Court do exactly what it did: sentence him to 180 months on each count, which the guidelines treat as a single offense, and make the sentence on each count concurrent. *Brown*'s

---

[1] The offense level for the grouped counts—which are treated for guideline purposes as a single offense—produce what the guidelines refer to somewhat confusingly as a "combined offense level." U.S.S.G. § 3D1.4, commentary, application note 1. The guidelines use this terminology to cover situations in which there is more than one group of counts. U.S.S.G. § 3D1.4. But when there is only one group of counts as there is in the present case, the term "combined offense level" refers to the offense level applying to this single group. U.S.S.G. § 3D1.4, commentary, application note 1. This "combined offense level" is then used to determine the "appropriate sentence in accordance with the provisions of Chapter 5." U.S.S.G. § 3D1.5. Put another way, the combined offense level is used to determine the "total punishment." U.S.S.G. § 3D1.5, commentary; *accord* U.S.S.G. § 5G1.2, commentary, application note 1. The "total punishment" is the "combined length of the sentences" imposed on each count. U.S.S.G. § 5G1.2, commentary, application note 1. Because § 5G1.2(c) requires that the 180-month sentence imposed on each count run concurrently, the total punishment in this case was 180 months. That the 180-month sentence was imposed on each count is exactly what the guidelines require, and it is exactly what you would expect from treating the two counts as comprising a single offense, exactly as the guidelines provide.

3

discussion of the principle that sentences on several counts are treated as a single sentencing package dovetails nicely with this close guidelines analysis. As *Brown* recognized, "[e]specially in the guidelines era, sentencing on multiple counts is an inherently interrelate, interconnected, and holistic process which requires a court to craft an overall sentence." *United States v. Brown*, 879 F.3d 1231, 1238 (11th Cir. 2018).

The government's comment that the "Court could have properly sentenced the Defendant to a concurrent lesser sentence on the drug count—but did not" (DE 69 at 5) entirely ignores these guideline provisions and the practical reality—repeatedly acknowledged by the Court at sentencing—that his total punishment could not be less than 180 months. While the guidelines are advisory, it would be extremely unusual for the Court to deviate from the guidelines in such a manner, especially when no one even asked the Court to do so because everyone knew that he could not be sentenced to less than 180 months anyway. This just underscores the central point of Mr. Raymond's motion and the injustice of his current situation: he never had the chance to argue for a lesser sentence, and the Court never had a chance to consider whether a lesser sentence was appropriate.

All of this underscores why the government is mistaken when it repeatedly tars Mr. Raymond's argument as being speculative. Mr. Raymond is not just taking a guess: he has record evidence showing that no one asked for a lesser sentence because of the ACCA and the Court did not even consider a lower sentence because of the ACCA. And his sentence of 180 months was 8 months below his original guideline range of 188-235, at a time when his statutory maximum is life. Given that his statutory maximum has been

4

reduced from life to 20 years and his guideline range has been reduced to 151-188 months, it is an eminently reasonable inference to conclude that he would receive a sentence less than 180 months were the district court be allowed for the first time to consider whether a lesser sentence was warranted. He could now point to his post-sentencing conduct to argue for a lower sentence and advance other reasons such as his hard life and mental-health problems (*see* PSR at 16-20) to argue for a lower sentence. The injustice in this case goes beyond whether he deserves a lower sentence. The injustice is that he has never had the chance to argue for a lesser sentence and the district court has never had the chance to conduct an individualized inquiry to see whether a lesser sentence is warranted. The process of sentencing is just as important as the outcome.[2] Moreover, Mr. Raymond can point to the guideline provisions discussed above to buttress his conclusion—amply supported by the record—that the Court imposed a sentence of 180 months on the drug count because of the ACCA minimum sentence and because the guidelines required the Court to. The government's statement that the Court could have sentenced him to less than 180 months on the drug count but did not is the only argument that merits the pejorative label "speculative" because it is both factually and legally problematic.

      The case relied on by the government, *Olten v. United States*, 565 F. App'x 558 (8th Cir. 2014), does not require a different result. This case is unpublished, and thus does not bind this Court. *Brown* is not binding either because it's from the Eleventh

---

[2] Indeed, a sentence can be reversed on appeal for being procedurally unreasonable as well as for being substantively unreasonable.

Circuit. But it is more persuasive because it is better reasoned. And while *Brown* itself addressed a single count of conviction, its principles clearly encompass a defendant convicted on multiple counts. Indeed, it's discussion of whether a resentencing hearing is required when a mandatory minimum sentence can no longer stand relied extensively on cases in which a defendant was sentenced on multiple counts. *Brown*, 879 F.3d at 1238-39; DE 67 at 8-12.

For the above reasons, Mr. Raymond urges the Court to grant his Rule 60(b) motion, vacate his sentence, and order a resentencing hearing so that he can—for the first time—argue that he deserves a sentence less than 180 months and the Court can—for the first time—consider whether such a sentence would be appropriate.

Dated:  April 2, 2018                                  Respectfully submitted,

*s/James S. Becker*

James S. Becker
Assistant Federal Defender

Robert Meyers
Research and Writing Attorney

107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Attorneys for Mr. Smith