UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                  **MEMORANDUM OPINION AND ORDER**

Travis Ryan Raymond,                      Crim. No. 14-26 (MJD)

    Defendant.
_____

    Thomas Calhoun-Lopez, Assistant United States Attorney, Counsel for Plaintiff.

    James S. Becker, Assistant Federal Defender, Counsel for Defendant.
_____

## I.    Introduction

This matter is before the Court on Defendant's motion for relief pursuant to Fed. R. Civ. P. 60 (b) from the Order dated June 8, 2017 denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 67].

## II.    Background

On January 24, 2014, a two-count Information was filed charging the Defendant with Felon in Possession of a Firearm-Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and Possession With Intent to

Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On March 6, 2014, the Defendant pled guilty to both counts.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the Defendant was a Career Offender under the guidelines because he was at least 18 years old at the time he committed the instant offense, that one of the crimes of conviction is a crime of violence and because the Defendant has two or more prior felony convictions involving a crime of violence, namely a 2007 conviction for Third Degree Burglary, a 2008 conviction for Fleeing a Police Officer, a 2008 conviction for Terroristic Threats, a 2011 conviction for Simple Robbery and a 2012 conviction for Second Degree Aggravated Robbery.  (PSR ¶ 31.)

The PSR further provided that the Defendant was an Armed Career Criminal and therefore subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense, or both, based on the prior convictions listed above. (PSR ¶ 32.)  The Defendant's conviction on Count 1 subjected him to a statutory mandatory minimum sentence of fifteen years.

This Court adopted the guideline calculations set forth in the PSR, which

determined the applicable range of imprisonment to be 188 to 235 months.

On June 30, 2014, the Defendant was sentenced to a term of imprisonment of 180 months on Counts 1 and 2, to be served concurrently. His conviction and sentence were affirmed on appeal. United States v. Raymond, 778 F.3d 716 (8th Cir. 2015).

### III. Habeas Petition

On June 17, 2016, the Defendant filed a *pro se* petition under § 2255, to vacate, set aside or correct his sentence. Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Based on the ever changing legal landscape concerning predicate convictions under the Armed Career Criminal Act, the government conceded in its response to the habeas petition that three of the Defendant's prior convictions no longer qualified as a "violent felony" as defined in the ACCA; specifically the convictions for Third Degree Burglary, Terroristic Threats and Fleeing a Police Officer. See Johnson v. United States, 135 S. Ct. 2551 (2015) (finding residual clause in the statutory definition of violent felony void for vagueness); United States v. MacArthur, 850 F.3d 925 (8th Cir. 2017) (finding Minnesota conviction for third degree burglary not a violent felony under the ACCA); United States v. McGee, 842 F.3d 572, 575 (8th Cir. 2016) (finding Minnesota conviction for terroristic threats not a violent felony under the ACCA); United States v. Oehler, 2016 WL 6561553 (8th Cir. Nov. 3, 2016) (finding violation of Minn. Stat. § 609.487, subdiv. 3, fleeing police, is no longer a predicate offense under the ACCA). As a result, the Defendant would no longer qualify as an Armed Career Criminal under the ACCA or be subject to the statutory mandatory minimum sentence of fifteen years for Count 1 as set forth in 18 U.S.C. § 924(e). Without application of § 924(e), the statutory maximum sentence for Count I is ten years, pursuant to 18 U.S.C. § 924(a)(2).

In his § 2255 petition, the Defendant did not challenge his concurrent sentence of 180 months on Count 2.  Nonetheless, the Defendant requested that the Court grant him a resentencing hearing and resentence him on Count 2 as well as Count 1 because he believed that without being constrained by the statutory mandatory minimum sentence, the Court would not have sentenced him to 180 months on Count 2.  The government argued the sentence imposed on Count 2 was lawful because it was within the applicable career offender guidelines and below the statutory maximum sentence of 20 years.

In the June 2017 Order denying his § 2255 motion, the Court noted that the Defendant did not challenge his career offender designation in his § 2255 petition, and did not raise such a challenge on appeal.  As a result, in order to challenge the sentence on Count 2, the Defendant had to demonstrate cause for the procedural default and actual prejudice resulting from the error.  Because he failed to do so, the Court found any such a claim would be procedurally defaulted.

The Court went on to explain that even if the challenge to the sentence for Count 2 was not procedurally defaulted, such challenge was without merit as the Defendant could not demonstrate that the sentence was unlawful.  Specifically,

the Court found the Defendant's prior convictions for Simple Robbery and Second Degree Aggravated Robbery fell within the definition of crimes of violence set forth in the guidelines, not by reference to the residual clause, but because both crimes have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2 (a)(1). Therefore, with respect to Count 2, Possession with Intent to Distribute Methamphetamine, the Defendant qualified as a Career Offender which subjected him to the sentencing enhancement set forth in § 4B1.1. Application of the career offender guidelines provided for a total offense level of 29, criminal history category VI, resulting in a guideline range of 151 to 188 months. The sentence imposed for Count 2, 180 months, fell within this guideline range and was below the statutory maximum sentence of 20 years.

Because the Defendant could not demonstrate that the sentence imposed on Count 2 was unlawful, the Court found there would be no miscarriage of justice if the relief requested was not granted, and denied the motion for relief under § 2255.

## IV.    Rule 60 (b) Motion

The Defendant now moves for relief from judgment pursuant to Fed. R.

Civ. P. 60(b)(6), which provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."  "[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147, 1155 (8th Cir. 2013).

When a petitioner files a motion pursuant to Rule 60 following the dismissal of his habeas petition, the court is to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255.  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  This inquiry is necessary because the law is clear that a petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  Section 2255 provides that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2255 (h).  The Court has conducted this initial inquiry and finds the

instant motion is proper under Rule 60(b)(6).

In the instant motion, the Defendant argues that the Court made three errors when it denied his habeas petition: it failed to vacate the illegal judgment as to Count 1; the Court failed to rule on a certificate of appealability; and the Court erred by not ordering a resentencing hearing to allow the Defendant to be resentenced on both Counts 1 and 2 without being constrained by the ACCA sentencing enhancement.  The government responds that it would not oppose the request to formally vacate his ACCA-enhanced conviction, or the request to issue an order on his request for a certificate of appealability.

The government does oppose the request for a resentencing hearing.

**A.    Resentencing**

The Defendant argues that the Court erred in not granting his motion under § 2255 and failing to order a resentencing hearing.  In support, the Defendant cites to United States v. Brown, 879 F.3d 1231 (11th Cir. 2018).  In Brown, the defendant pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 15 years in prison.  Later, the defendant filed a motion pursuant to 28 U.S.C. § 2255, in light of Johnson v. United States, 135 S.Ct. 2551 (2015), arguing he no longer

qualified as an Armed Career Criminal because his prior convictions of fleeing and eluding an officer could no longer be considered predicate offenses under the ACCA. The government agreed that the defendant's sentence should be vacated, and asked the district court to simply resentence the defendant to the statutory maximum sentence of ten years without a hearing. The district court granted the motion, vacated the sentence and resentenced the defendant to ten years without a hearing. Brown, 879 F.3d at 1233-34.

On appeal, the defendant argued that by not holding a resentencing hearing, the district court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and did not consider his post-sentencing conduct. Id. at 1234. The Eleventh Circuit agreed, holding the defendant was entitled to a resentencing hearing because he was being sentenced under a new statutory provision and under a new sentencing guidelines range. "Because the sentence on Mr. Brown's one and only count of conviction was found to be in error, Mr. Brown's entire sentence was necessarily undermined, and the District Court was tasked with crafting an entirely new sentence." Id.

The government argues, and the Court agrees, that Brown is not applicable here because in that case, the defendant had only been convicted and sentenced

on one count. As a result, the defendant was entitled to habeas relief; to be resentenced on the one count of conviction. In this case, however, the Defendant pleaded guilty to two counts, and the sentence as to only one of the counts of conviction was found to be illegal following Johnson. Therefore, the question at issue here, but not in Brown, is whether the Court could have imposed the same sentence despite the fact that the sentence on one of the counts of conviction is now illegal.

Pursuant to controlling precedent in this circuit, if the same sentence could have been imposed, then a defendant is not entitled to habeas relief. Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (finding that even if the defendant should not have been sentenced under the career offender guidelines, the sentence imposed was nonetheless lawful because it fell within the non career offender guideline range and did not exceed statutory authority, therefore the defendant failed to demonstrate that he was entitled to § 2255 relief).

In Olten v. United States, 565 F. App'x 558 (8th Cir. 2014), the defendant had been convicted of being a felon in possession of a firearm and possession of a stolen firearm and sentenced to 235 months as an armed career criminal. In his § 2255 petition, he argued that he received ineffective assistance of counsel and that

he was sentenced under section 924(e) based in part on two prior burglary convictions that no longer qualify as violent felonies. Id. at 559. The district court denied the petition, and the Eighth Circuit denied his request for a certificate of appealability. The Supreme Court granted the defendant's petition for a writ of certiorari, vacated the Eighth Circuit decision and remanded the matter for further consideration in light of Descamps. Id. at 560.

Upon remand, the Eighth Circuit held that two of the defendant's prior burglary convictions should not have been used to enhance his sentence under the ACCA. Id. The court then held that "[a]lthough the ACCA should have not have been applied to [defendant's] sentence, it does not follow that [defendant] is necessarily entitled to relief under section 2255." Id. Relying on Sun Bear, the panel found the defendant's 235 month sentence was not illegal or unlawful because that sentence could have been reimposed were the defendant granted the § 2255 relief requested by imposing consecutive terms of imprisonment for the two counts of conviction rather than concurrent sentences. Id. at 561. The court then denied the defendant's request for a certificate of appealability.[1] Thereafter,

---

[1] Judge Kelly filed a concurring opinion, noting that the panel was bound by the en banc decision in Sun Bear. She wrote separately, however, to note her concern they were denying habeas relief based on a sentence the district court hypothetically could, rather than did,

the Supreme Court denied the defendant's petition for a writ of certiorari. <u>Olten v. United States</u>, 135 S. Ct. 1893 (2015).

By applying the reasoning of <u>Olten</u> in this case, the Court finds the Defendant is not entitled to relief because the sentence for Count 2 was not unlawful, and the same sentence could be reimposed by resentencing the Defendant on Count 1 at or below 120 months on Count 1 concurrent to a 180 sentence on Count 2. <u>See</u> <u>Olten</u>, 565 F. App'x at 561; <u>see</u> <u>also</u> <u>Griffith v. United States</u>, 2017 WL 4103571 (N. D. Iowa Sept. 15, 2017) (finding movant is required to show that absent the court's improper reliance on the ACCA, the court could not have imposed 240 months imprisonment as his total punishment). As a result, the Defendant has failed to show there would be a complete miscarriage of justice if he is not granted relief. <u>Sun Bear</u>, 644 F.3d at 705.

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion For Relief From Judgment [Doc. No. 67] is DENIED; and

---

impose. <u>Id.</u>

2.  The Defendant's Request for a Certificate of Appealability is

    GRANTED.

Date:   April 20, 2018                          s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court