UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Travis Ryan Raymond,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**

Crim. No. 14-26 (MJD)

_____

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

Robert H. Meyers, Assistant Federal Defender, Counsel for Defendant.

_____

## I.   Introduction

In Raymond v. United States, 933 F.3d 988, 993 (2019) the Eighth Circuit Court of Appeals vacated this Court's Memorandum Opinion and Order dated April 20, 2018 [Doc. No. 71] and remanded the case in order for this Court to reconsider the merits of Defendant's ACCA challenge in light of Quarles v. United States, 139 S. Ct. 1872 (2019), and if necessary, to consider others factors affecting the Rule 60(b)(6) analysis.

1

## II.    Procedural History

On January 24, 2014, a two-count Information was filed charging Defendant Travis Ryan Raymond with Felon in Possession of a Firearm-Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).   On March 6, 2014, Defendant pleaded guilty to both counts.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that Defendant was a Career Offender under the guidelines because he was at least 18 years old at the time he committed the instant offense, that one of the crimes of conviction is a crime of violence and because Defendant has more than two prior felony convictions involving a crime of violence, including: a 2007 conviction for Third Degree Burglary; a 2008 conviction for Fleeing a Police Officer; a 2008 conviction for Terroristic Threats; a 2011 conviction for Simple Robbery; and a 2012 conviction for Second Degree Aggravated Robbery.   (PSR ¶ 31.)

The PSR further provided that Defendant was an Armed Career Criminal

and therefore subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense, or both, based on the prior convictions listed above.   (PSR ¶ 32.)   Defendant's conviction on Count 1 subjected him to a statutory mandatory minimum sentence of fifteen years.

This Court adopted the guideline calculations set forth in the PSR, which determined the applicable range of imprisonment to be 188 to 235 months.

On June 30, 2014, Defendant was sentenced to a term of imprisonment of 180 months on Counts 1 and 2, to be served concurrently.   His conviction and sentence were affirmed on appeal.   United States v. Raymond, 778 F.3d 716 (8th Cir. 2015).

### A.   Habeas Petition

On June 17, 2016, Defendant filed a *pro se* petition under § 2255, to vacate, set aside or correct his sentence.   Based on the ever-changing legal landscape concerning predicate convictions under the ACCA, the government conceded that three of Defendant's prior convictions no longer qualified as a "violent felony" as defined in the ACCA; specifically, the convictions for Third Degree

3

Burglary, Terroristic Threats and Fleeing a Police Officer.   As a result, Defendant would no longer qualify as an Armed Career Criminal under the ACCA or be subject to the statutory mandatory minimum sentence of fifteen years for Count 1 set forth in 18 U.S.C. § 924(e).   Instead, Count 1 was subject to a statutory maximum sentence of ten years, pursuant to 18 U.S.C. § 924(a)(2).

Defendant did not, however, challenge his concurrent sentence of 180 months on Count 2 in his habeas petition.   Nonetheless, he requested that the Court grant him a resentencing hearing and resentence him on Count 2 as well as Count 1 because he believed that without being constrained by the statutory mandatory minimum sentence, the Court would not have sentenced him to 180 months on Count 2.

In the June 2017 Order denying his § 2255 motion, the Court noted that the Defendant did not challenge his career offender designation in his § 2255 petition and did not raise such a challenge on appeal.   As a result, in order to challenge the sentence on Count 2, Defendant had to demonstrate cause for the procedural default and actual prejudice resulting from the error.   Because he failed to do so, the Court found such claim would be procedurally defaulted.

Even if the challenge to the sentence for Count 2 was not procedurally defaulted, the Court found such challenge was without merit as Defendant could not demonstrate that the sentence was unlawful.   Specifically, the Court found that Defendant's prior convictions for Simple Robbery and Second Degree Aggravated Robbery fell within the definition of crimes of violence set forth in the guidelines, not by reference to the residual clause, but because both crimes have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2 (a)(1).   Therefore, with respect to Count 2, Possession with Intent to Distribute Methamphetamine, Defendant qualified as a career offender which subjected him to the sentencing enhancement set forth in § 4B1.1.   Application of the career offender guidelines provided for a total offense level of 29 and criminal history category VI, resulting in a guideline range of 151 to 188 months.   The sentence imposed for Count 2, 180 months, fell within this guideline range and was below the statutory maximum sentence of 20 years.

Because Defendant could not demonstrate that the sentence imposed on Count 2 was unlawful, the Court found there would be no miscarriage of justice

if the relief requested was not granted and denied the motion for relief under §

2255.   Defendant filed a motion for reconsideration, which was denied by Order

dated July 12, 2017.   Defendant did not appeal this Court's Order to the Eighth

Circuit Court of Appeals.

**B.     Rule 60 (b) Motion**

On February 23, 2018, Defendant moved for relief from judgment pursuant

to Fed. R. Civ. P. 60(b)(6).   Defendant argued that the Court made three errors

when it denied his habeas petition: it failed to vacate the illegal judgment as to

Count 1; the Court failed to rule on a certificate of appealability; and the Court

erred by not ordering a resentencing hearing and allow the Defendant to

consider what his sentence should be on both the drug and firearm counts,

absent the ACCA enhancement.   The government did not oppose the request to

formally vacate his ACCA-enhanced conviction or the request for a certificate of

appealability.   However, the government did oppose the request for a

resentencing hearing.

The Court denied Defendant's motion finding Defendant had not shown

there would be complete miscarriage of justice if he is not granted relief.   In so

6

finding, the Court determined the issue was governed by the Eighth Circuit

decisions in <u>Sun Bear v. United States</u>, 644 F.3d 700 (8th Cir. 2011) and in <u>Olten v.</u>

<u>United States</u>, 565 F. App'x 558, 561 (8th Cir. May 15, 2014).   Under the

reasoning set forth in those cases, Defendant was not entitled to relief because

the sentence for Count 2 was not unlawful, and the same sentence could be

reimposed by resentencing the Defendant on Count 1 at or below 120 months on

Count 1 concurrent to a 180 sentence on Count 2.   Defendant appealed this

Order to the Eighth Circuit.

### C.      Appeal

On appeal, the Eighth Circuit found this Court erred in finding the

decision in <u>Sun Bear</u> controlled the outcome of the § 2255 petition because the

<u>Sun Bear</u> case involved an improper application of the Guidelines whereas

Defendant's petition was based on the ACCA's unconstitutionally vague residual

clause.   <u>Raymond</u>, 933 F.3d at 992.   The Eighth Circuit further found that the

error was not harmless, because without application of the ACCA, the maximum

term of supervised release on each count would be three years, and Defendant

was sentenced to a term of five years supervised release. <u>Id.</u>   The court then

stated:

> In the usual case, we would next turn our attention to the district court's consideration of other Rule 60(b)(6) factors.   But here, the district court's denial of relief under Rule 60(b)(6) rested solely on the merits of Raymond's underlying § 2255 petition, and our analysis of the merits question rests on the proposition that the district court correctly concluded that Raymond no longer qualifies for an ACCA enhancement.   That proposition has been called into question by the government, citing the Supreme Court's opinion in <u>Quarles v. United States</u>, __ U.S. __, 139 S. Ct. 1872, 204 L.Ed.2d 200 (2019), which was issued shortly before we held oral argument on Raymond's appeal.   <u>Quarles</u> held that the broader definition of "remaining in" burglary qualifies as a violent felony under the ACCA. <u>See</u> <u>id.</u> at 1877.   The government argues that <u>Quarles</u> abrogated our previous case law on Minnesota's third-degree burglary statute, <u>United States v. McArthur</u>, 850 F.3d 925 (8th Cir. 2017), such that Raymond's third-degree burglary conviction once again qualifies as a violent felony.   Raymond concedes that <u>Quarles</u> changes the legal landscape, but he argues that nonetheless, Minnesota's third-degree burglary statute remains outside the ACCA's definition of violent felony. <u>See</u> <u>Van Cannon v. United States</u>, 890 F.3d 656, 664 (7th Cir. 2018) (holding that Minnesota second degree burglary does not qualify as a violent felony because, among other things, "the Minnesota statute doesn't require proof of intent to commit a crime *at all*").

> Under the circumstances, we believe it best to vacate the denial of Rule 60(b)(6) relief and remand to the district court to reconsider the merits of Raymond's ACCA challenge in light of <u>Quarles</u> and, if necessary, to consider other factors affecting the Rule 60(b)(6) analysis.

<u>Id.</u> at 992–93.

## II.   Remand

### A.  Whether burglary under Minnesota law is a violent felony under the ACCA following <u>Quarles</u>

A predicate offense under the ACCA must categorically be a violent felony - that is that any and all convictions under the criminal statute at issue falls within the definition of violent felony set forth in the ACCA.   <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2248 (2016).   "Violent felony" is defined in the ACCA as "burglary, arson or extortion."   In listing those crimes, Congress referred only to their generic versions, not to all variants of the offenses.   <u>Id.</u> (citing <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990)).   The elements of generic burglary are: 1) an unlawful or unprivileged entry into or remaining in a 2) building or structure 3) with intent to commit a crime.   <u>Taylor</u>, 495 U.S. at 599.

To determine whether a prior burglary conviction is for generic burglary, courts are to apply the categorical approach, which requires examination of the elements of the offense of conviction as defined by statute rather than the particular facts underlying the conviction.   <u>United States v. Forrest</u>, 611 F.3d 908, 909-10 (8th Cir. 2010).   However, if the statute at issue defines multiple crimes, by proscribing discrete, alternative sets of elements, the statute is considered

divisible and the court should apply the "modified categorical approach that reviews the charging document, jury instructions, plea agreement or plea hearing transcript, and comparable judicial records to determine whether the defendant was in fact convicted of a violent felony alternative."   Id.   Once it is determined which subpart the prior conviction is based on, the court determines whether it is a predicate offense.   Id.

Minnesota defines third-degree burglary as follows: "[w]hoever enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building . . commits burglary in the third degree."   Minn. Stat. § 609.582, subdiv. 3.

In United States v. McArthur, the Eighth Circuit held that the alternatives listed in the Minnesota third-degree burglary statute must be treated as means rather than elements, thus holding the statute is indivisible and subject to the categorical approach.   850 F.3d 925, 938 (8th Cir. 2017).

Next, comparing the elements of generic burglary to the elements of Minnesota's third-degree burglary statute, the court found the statute was

broader than generic burglary.   The court found that generic burglary requires

the defendant to have the intent to commit a crime at the time of the unlawful or

unprivileged entry or the initial "remaining in" without consent.   <u>Id.</u> at 939.

Under Minnesota's statute, however, it is not required that the intent to commit a

crime exists at the time of entry and/or the initial "remaining in."   Instead,

under the second means listed, the intent to commit a crime can arise at any time

the defendant remains in the building.   <u>Id.</u>   As a result, the court held that a

conviction under Minn. Stat. 609.582 subdiv. 3 would no longer qualify as a

predicate offense under the ACCA.

Recognizing a circuit split on the question of how to assess state

"remaining-in" burglary statutes for purposes of the ACCA, the Supreme Court

granted certiorari in <u>Quarles v. United States</u>, to address the following question:

"whether remaining-in burglary (i) occurs only if a person has the intent to

commit a crime at the exact moment when he or she first unlawfully remains in a

building or structure, or (ii) more broadly, occurs when a person forms the intent

to commit a crime at any time while unlawfully remaining in a building or structure."   139 S. Ct. 1872, 1875 (2019).[1]

The Court first considered the definition of common law burglary and noted that by 1986 – when the current version of the ACCA was enacted – a majority of States had prohibited unlawfully remaining in a building or structure with the intent to commit a crime.   Id. at 1876-77.   When the Taylor decision was rendered defining "generic burglary" in 1990, the Court interpreted the term "burglary" in accord with the more expansive understanding of burglary that had become common by 1986, and concluded that generic burglary under § 924(e) means "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."   Id. (quoting Taylor, 495 U.S. at 598)). The Taylor court further held that a defendant's prior conviction qualifies as a predicate offense under the ACCA "if the state statute – regardless of its 'exact

---

[1] The state statute at issue in Quarles was Michigan's third-degree burglary statute which provided that one commits a third-degree burglary if he or she "breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor."   Id. at 1876 (citing Mich. Comp. Laws § 750.110a(4)(a) (2004)).

definition or label' – 'substantially corresponds' to or is narrower than the generic definition of burglary."   Id.

With this background in mind, the Court addressed the argument that "remaining-in burglary occurs only when the defendant has the intent to commit a crime at the exact moment when he or she first unlawfully remains in a building or structure." Id. at 1877.   First, the Court noted that the ordinary usage of "remaining in" refers to continuous activity. Id.   As applied to burglary, the Court found that the intent to commit a crime is contemporaneous with unlawful remaining so long as the defendant forms the intent at any time while unlawfully remaining.

> Put simply, for burglary predicated on unlawful *entry*, the defendant must have the intent to commit a crime at the time of entry, but burglary predicated on unlawful *remaining*, the defendant must have the intent to commit a crime at the time of remaining, which is any time during which the defendant unlawfully remains.

Id. at 1878 (emphasis in original).

The Court noted its conclusion is supported by the States' laws as of 1986, and as a result "it is not likely that Congress intended generic burglary under § 924(e) to *include* (i) a burglar who intends to commit a crime at the exact moment

when he or she first unlawfully remains in a building or structure, but to *exclude*

(ii) a burglar who forms the intent to commit a crime at any time while

unlawfully remaining in a building or structure." Id. (emphasis in original).

Based on its conclusion that generic remaining-in burglary occurs when a

defendant forms the intent to commit a crime at any time while unlawfully

remaining, the Court found that "the Michigan statute substantially corresponds

to or is narrower than generic burglary."   Id. at 1880.

There is no dispute that Quarles abrogated that part of the decision in

McArthur that held Minnesota's third-degree burglary statute was broader than

generic burglary because it did not require an intent to commit a crime the time

of entry and/or the initial "remaining in" a building or structure without consent.

However, the Quarles decision did not address the issue currently before this

Court: whether Minnesota's third-degree burglary statute is broader than generic

burglary because the second means listed - "[w]hoever   . . . enters a building

without consent and steals or commits a felony or gross misdemeanor while in

14

the building . . commits burglary in the third degree" - does not require proof of an intent to commit a crime because not all crimes are intentional.[2]

This issue was addressed by the Seventh Circuit in a post-Quarles decision in which the court found that a conviction under Minnesota's second-degree burglary statute did not qualify as a predicate offense under the ACCA. Chazen v. Marske, 938 F.3d 851 (7th Cir. 2019).   In doing so, the court reaffirmed the decision in Van Cannon which found the second alternative under the Minnesota statute "criminalizes conduct that is broader than Taylor's definition of generic burglary because it 'doesn't require proof of intent to commit a crime at all – not at any point during the offense conduct.'"   Id., 938 F.3d at 859 (quoting Van Cannon, 890 F.3d at 664).   The court further noted that the Quarles decision "did not abrogate Van Cannon's conclusion that Minnesota burglary is broader than generic burglary because the state statute does not require proof of any intent *at any point*." (Id. at 860) (emphasis in original).

---

[2] The defendant in Quarles tried to raise this argument before the Supreme Court, but the Court declined to address it because he "offer[ed] no support for his suggestion that there is no *mens rea* requirement" and because he "did not preserve that argument".   Quarles, 139 S. Ct. at 1880 n.2.

In a recent decision from this District, the court found that Minnesota's

third-degree burglary statute was broader than generic burglary, in accord with

the decision in <u>Chazen.</u>   <u>United States v. Bugh</u>, __ F. Supp.3d __, 2020 WL

2320141, at *11 (D. Minn. May 11, 2020).   Based on its review of the relevant law

and Minnesota court decisions, the court found that Minnesota's third-degree

burglary statute is broader than generic burglary because it allows a conviction

thereunder even though the intent to commit a crime was never formed.   The

court noted that several decisions from the Minnesota Court of Appeals

confirmed this point.   <u>Id.</u> (listing cases).   For example, in <u>State v. Hansen</u>, the

court affirmed a burglary conviction based on the underlying offense of stalking.

A16-0467, 2017 WL 393873 (Minn. Ct. App. Jan. 30, 2017)   Under Minnesota law,

the crime of stalking has a negligence mens rea.   <u>In re Welfare of A.J.B.</u>, 929

N.W.2d 840, 850 (Minn. 2019).

     This Court finds the decision in <u>Bugh</u> persuasive and similarly finds that

Minnesota's third-degree burglary statute is broader than generic burglary,

because such statute does not require the intent to commit a crime while

unlawfully remaining in a building or structure.   As a result, Defendant no

16

longer qualifies as an Armed Career Criminal and is therefore not subject to an

enhanced sentence under § 924(e) because he does not have at least three prior

convictions for a violent felony or serious drug offense.

### B.  Whether Rule 60(b) Relief is Warranted

Rule 60(b)(6) of the Federal Rules of Criminal Procedure provides, in

relevant part, that "[o]n motion and just terms, the court may relieve a party or

its legal representative from a final judgment, order, or proceeding for the

following reasons: . . . (6) any other reason that justifies relief."   "[R]elief under

rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'"

City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147,

1155 (8th Cir. 2013).

In the event the Court finds that Defendant no longer qualifies as an

Armed Career Criminal, Defendant argues he is entitled to relief under Rule

60(b)(6).   Defendant points out that if the ACCA no longer applies, the statutory

maximum sentence for Count 1 is ten years, and the maximum supervised

release term is three years.   Thus, his fifteen year sentence and five-year

supervised release term on Count 1 are illegal and he must be resentenced on

that count.

The government argues that Defendant is not entitled to relief, but if the Court finds he is not an Armed Career Criminal and exercises its discretion to re-open the § 2255 proceedings, the Court should only resentence Defendant on Count 1.

As the government concedes in its brief, the Court has broad discretion as to what remedy to provide in a § 2255 proceeding, and that a comprehensive resentencing is an option.   See United States v. Wright, 902 F.3d 868, 872-73 (8th Cir. 2018).

In this case, the Court finds that Defendant is entitled to relief under Rule 60(b)(6) as his sentence on Count 1 exceeds the statutory maximum sentence. Further, the record does establish that the sentences on both counts were driven by the applicable statutory mandatory minimum as to Count 1.   (Doc. No. 37 (Sent. Tr. at 15, 23).)   In addition, because Defendant is no longer an Armed Career Criminal, it appears the applicable guideline range for Count 2 is now 151 to 188 months.   Accordingly, the Court will grant Defendant's motion and set the matter on for resentencing on both counts.

IT IS HEREBY ORDERED that:

1.  Defendant's Motion for Relief Pursuant to Rule 60(b)(6) [Doc. No. 67] is GRANTED;

2.  Judgment in the criminal case is **VACATED**, and Defendant shall be resentenced as soon as reasonably practicable;

3.  Defendant shall remain in custody pending the resentencing hearing.   The Government shall issue a writ for his appearance at resentencing; and

4.  The U.S. Probation Office shall prepare a supplemental Presentence Investigation Report in advance of the resentencing hearing.

Date:    May 28, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court